IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CYNTHIA CASTILLO, and,** § | | |
| **AARON CANTU, Individually and** § | | |
| **On Behalf of All Similarly Situated** § | | |
| **Persons,** § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | Civil Action 4:20-cv-0889 | |
| § | | |
| **STRATEGIC SECURITY CORP.,** § | | |
| Defendant. § | | |
| § | A Jury is Demanded. | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendant Strategic Security Corp. ("SSC" or "Defendant") follows a business plan that depends upon illegal labor practices to gain an unfair advantage over their competitors and cheat its employees out of wages and overtime due. SSC hires security guards and requires those guards to work more than 40 hours per week usually in 12 hours shifts. SSC does not, however, allow the security guards to submit all of their time, frequently requiring the guards to show up early or stay late to work, but not clock in. SSC then refuses to pay the security guards pursuant to the law. Plaintiffs Cynthia Castillo and Aaron Cantu ("Castillo" "Cantu" or "Plaintiff") are two of the many workers hired by Strategic Security Corp. as security guards. Plaintiffs bring this lawsuit on their own behalf and on

behalf of their former co-workers against Defendant to recover unpaid wages and overtime that is required by the Fair Labor Standards Act ("FLSA").

## Facts Supporting Relief

### Allegations Related to Plaintiff's and Their Co-Workers' Claims

Cynthia Castillo

1. Cynthia Castillo worked for Strategic Security Corp. as a security guard and project manager from June 11, 2019 to July 22, 2019. Castillo was hired as a security guard and was given extra duties related to scheduling. Castillo provided security for locations as needed and as directed by the Defendant. Castillo's duties included, but were not limited to, being in charge of operations, scheduling and keeping track of employees' attendance, safeguarding property, and general security guard functions of patrolling, observation, and reporting.

2. During the time she worked for the Defendant, Castillo regularly worked in excess of 40 hours per week. Castillo was frequently required to show up early and not clock in or to clock out and stay late. Castillo saw the Defendant force other employees to do the same.

3. Defendant paid Castillo on an hourly basis. Defendant did not pay Castillo for all the hours worked. Defendant only paid Castillo for hours reported through the time keeping system. Defendant did not accurately record all of the time Castillo worked. Defendant was aware of the additional time because

Defendant required Castillo to show up early and leave late. Failure to pay this off-the-clock time violates the FLSA.

4.  Castillo worked with numerous other individuals who were required to work off-the-clock and not be paid. These individuals were also security guards who also regularly worked over 40 hours per week, came in early and stayed late, but were not paid for these off-the-clock hours.

Aaron Cantu

5.  Aaron Cantu worked for Strategic Security Corp. as a security guard from June 2019 until August 23, 2019. Cantu was hired as a security guard and given extra duties as a supervisor. Cantu provided security for various locations as needed and as directed by the Defendant. Cantu's duties included, but were not limited to, taking care of other officers, ensuring smooth operation of the office, safeguarding property, and general security guard functions of patrolling, observation, and reporting.

6.  During the time he worked for the Defendant, Cantu regularly worked in excess of 40 hours per week. Cantu was frequently required to show up early and not clock in or to clock out and stay late. Cantu saw the Defendant force other employees to do the same.

7.  Defendant paid Cantu on an hourly basis. Defendant did not pay Cantu for all the hours worked. Defendant only paid Cantu for hours reported

through the time keeping system. Defendant did not accurately record all of the time Cantu worked. Defendant was aware of the additional time because Defendant required Cantu to show up early and leave late. Failure to pay this off-the-clock time violates the FLSA.

8. Cantu worked with numerous other individuals who were required to work off-the-clock and not be paid. These individuals were also security guards who also regularly worked over 40 hours per week, came in early and stayed late, but were not paid for these off-the-clock hours.

## Allegations Regarding FLSA Coverage

9. Defendant Strategic Security Corp. ("SSC") is a foreign corporation qualified to do business in Texas. SSC is an "employer" that is covered by and subject to the overtime requirements of the FLSA.

10. During each of the three years prior to this complaint being filed, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

11. During each of the three years prior to this complaint being filed, Defendant regularly owned and operated a business engaged in commerce or in the

production of goods for commerce as defined by §§3(r) and 3(s) of the Act, 29 U.S.C. §§2013(r) and 203(s).

12. During each of the three years prior to this complaint being filed, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

13. During each of the three years prior to this complaint being filed, Defendant's employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

## Plaintiffs' Claims

14. Defendant was legally required to pay Castillo, Cantu, and their similarly situated co-workers ("Members of the Class") for all hours that these individuals worked for Defendant.

15. Defendant failed to accurately record all of the time that Castillo worked resulting in off-the-clock hours that went unpaid.

16. Defendant failed to accurately record all of the time that Cantu worked resulting in off-the-clock hours that went unpaid.

17. Members of the Class worked more hours than were reported and were not paid for off-the-clock time. The consistent practice of requiring employees to show up early, not clock in, and clock out but stay late was

applicable to all hourly security guard employees. Because Defendant required employees to show up early and stay late, Defendant had knowledge of the actual hours worked.

18. Defendant did not pay Castillo for any of the off-the-clock hours that she worked for the Defendant. Defendant did not pay Cantu for any of the off-the-clock hours that he worked for the Defendant. Similarly, Defendant did not pay the Members of the Class for any of the off-the-clock hours that they worked for the Defendant.

19. The Defendant intentionally refused to pay the Plaintiffs and their co-workers for off-the-clock hours. The Defendant intentionally made Plaintiffs and their co-workers show up early and stay late, but did not pay Plaintiffs and co-workers for those hours. In addition to wrongfully taking money and benefits from its employees, Defendant's intentional and knowing actions allowed Defendant to gain an unfair advantage over its competition in the marketplace.

20. The Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiffs and Members of the Class. Such practice was, and continues to be with regard to the Members of the Class, a clear violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

21.     Defendant violated the FLSA by failing to pay Castillo, Cantu, and Members of the Class for off-the-clock hours.

22.     Castillo, Cantu, and Members of the Class have suffered damages as a direct result of Defendant's illegal actions.

23.     Defendant is liable to Plaintiffs and all Members of the Class for unpaid compensation, unpaid overtime, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Collective Action Allegations

24.     The Defendant's failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class; that is, requiring hourly security guard workers to work off-the-clock. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiffs' experience is typical of the experiences of the Members of the Class.

25.     The class of similarly situated Plaintiffs is properly defined as:

> **All security guards who are/were employed by and paid on an hourly basis by Defendant Strategic Security Corp. during the three-year period preceding the filing of this Complaint.**

## Defendant, Jurisdiction, and Venue

26. Defendant Strategic Security Corp. ("SSC") is a foreign corporation and an "employer" as defined by the FLSA. Defendant SSC may be served through its registered agent, Corporation Service Company d/b/a/ CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

27. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

28. Plaintiffs demand a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons performing security guard work who are/were employed by and paid on an hourly basis by Strategic Security Corp. during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendant for an amount equal to Plaintiffs' and the Members of the Class's unpaid wages and overtime at the applicable

rate;

3. An equal amount to the wage and overtime damages as liquidated damages;
4. Judgment against Defendant that its violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS CYNTHIA CASTILLO AND AARON CANTU**

**OF COUNSEL:**
Thomas H. Padgett, Jr.
TBA No. 15405420
tpadgettlaw@gmail.com
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**

9

2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEYS FOR PLAINTIFFS
CYNTHIA CASTILLO AND
AARON CANTU**